IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GUADALUPE BOQUIN RIOS,<br>*Petitioner*,<br>v.<br><br>TODD BLANCHE, *et al.*,<br>*Respondents*. | 1:26-cv-02519-MSN-WEF |

ORDER

Guadalupe Boquin Rios ("Petitioner") has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which she asserts that she has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that her characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting her to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I) and her due process rights (Count II). For the reasons discussed below, the Court will grant the Petition.

Petitioner is a citizen of Honduras. ECF 1 ¶ 20. She first entered the United States without inspection in 2002. *Id.* ¶ 2. She subsequently held Temporary Protected Status (TPS) for Honduras. *Id.* Based on her TPS status, Petitioner applied for and obtained advance parole to travel abroad and return to the United States on three separate occasions. *Id.* She last returned to the United States in approximately 2011, where she was again inspected and paroled into the United States. *Id.* She has resided continuously in the United States since her last return. *Id.*

On August 10, 2026, Petitioner and her daughter were in the parking lot of Petitioner's workplace when an ICE officer approach Petitioner and her daughter. *Id.* ¶ 4. Petitioner informed

the ICE agent that she previously had TPS status but no longer did. *Id.* The ICE agent told a colleague "grab her, detain her." *Id.* Petitioner was then transported to the ICE Enforcement and Removal Operations Chantilly Sub-Office in Chantilly, Virginia. *Id.* ¶ 1.

On August 11, 2026, she filed the Petition. ECF 1. On August 12, 2026, this Court ordered that "Petitioner IS NOT removed or transferred from this district for any reason without this Court's permission during the pendency of this habeas action." ECF 2 (emphasis in original). On August 14, 2026, Federal Respondents informed this Court that "Petitioner is currently detained at the Imperial Regional Adult Detention Center in California," because "Petitioner was transferred out of this judicial district on the morning of August 12, 2026, and prior to this Court's order precluding transfer or removal from this district." ECF 4 ¶ 4. This Court ordered that "Federal Respondents return Petitioner to this District on or before 5:00 PM on Thursday, August 20, 2026." ECF 5. On August 18, 2026, Federal Respondents notified this Court that Petitioner had been returned to Virginia "and will be detained at the Caroline Detention Facility." ECF 7.

The Court's August 11, 2026, Order also required Federal Respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025), or an Opposition to the Petition discussing the material differences between *Servellon Martinez* and this Petition," by August 14, 2026. *Id.* In response to that Order, Federal Respondents stated that "[t]he Present petition is distinguishable from *Servellon Martinez*." ECF 6 at 1-2. Because Petitioner "entered the United States for the last time using a Temporary Protected Status (TPS) travel document," Federal Respondents were "tentatively planning to charge her with being deportable under 8 U.S.C. § 1227(a)(1)(C)(i) as a[ noncitizen] who was admitted as a nonimmigrant and who had failed to maintain the nonimmigrant status." *Id.* at 2. As

such, Federal Respondents conceded that "Petitioner is currently detained under 8 U.S.C. § 1226 and can seek bond before the Immigration Court pursuant to 8 C.F.R. §§ 1003.19, 1236." *Id.* at 1-2. Federal Respondents note, however, that Petitioner has not requested a bond hearing. *Id.* Petitioner nowhere indicates that she has requested a bond hearing.

Accordingly, because Federal Respondents concede that Petitioner is eligible for bond and Petitioner has not yet requested bond, it is hereby

**ORDERED** that the Petition is **GRANTED**; and it is further

**ORDERED** that to the extent Petitioner seeks release from detention, Petitioner files a motion requesting a bond hearing or custody redetermination as soon as practicable and that Federal Respondents provide Petitioner with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 4 days of the date of that motion.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

August 21, 2026
Alexandria, Virginia